MARTHA D. LUCAS, by next friend, etc. *v.* RICKERICH
*et als.*

HUSBAND AND WIFE. *Real property. Rents and profits.* The rents and profits of real estate to which a married woman acquires title during marriage, are subject to the debts of the husband, if there be no technical separate estate, and no words excluding the husband's rights.

FROM SUMNER.

Appeal from the Chancery Court at Gallatin. C. G. SMITH, Ch.

J. J. TURNER for complainant.

J. W. BLACKMORE for defendants.

FREEMAN, J., delivered the opinion of the court.

This bill is filed to enjoin the appropriation of rents of a store house, claimed by complainant, to the payment of a debt due by her husband.

The facts as stated in the bill, simply are, that the wife claims the store house had been purchased by herself and deed taken to herself, conveying it to her and her heirs forever, is the language of the bill. This deed was made in 1864.

Rogan, the defendant, obtained a judgment probably in 1874, on which execution was issued, and returned *nulla bona.* Thereupon he garnisheed defendant, Rickerich, who had rented the house from the husband at $33 per month. On the answer of the

garnishee, a judgment was rendered against him for the amount of the debt due by the husband. Whereupon this bill is filed to enjoin the same, claiming the property to be the wife's, and the sole right to the rents and profits; and the bill puts this last claim, that is to the rents, on the ground, he had not reduced them to possession. The Chancellor dismissed the bill on demurrer.

The question in the case is, Whether a married woman who obtains title, or comes by real property during the marriage, it not being a technical separate estate, only conveyed to her and her heirs, with no words excluding the husband's rights, is entitled to the rents, to the exclusion of the husband?

By the common law, it is clear the husband would be entitled to the *usufruct*, the rents and profits of the lands of the wife during the existence of the marriage relation, and if a child was born alive during coverture, would be tenant by the courtesy after the death of the wife. 2 Head, 263-4; 5 Heis., 5, and authorities there cited.

The common law is adopted in our State, except so far as modified by statute. 3 Hum., 273. This being so, the only question is, To what extent has these rights been modified by our statute?

By the act of 1849-50, carried into the Code, sec. 2481, the interest of a husband in the real estate of his wife, acquired by her either before or after marriage, by gift, devise or descent, or in any other mode, shall not be sold, or disposed of by virtue of any judgment, decree or execution against him; nor

shall the husband and wife be ejected from or dispossessed of such real estate of the wife by virtue of any such judgment, sentence or decree, nor shall the husband sell his wife's real estate during her life, without the wife joining in the conveyance, etc.

In *Coleman* v. *Satterfield et als.*, 2 Head, 264, this statute is correctly stated, to have changed the common law, by forbidding the sale of his interest during her life for his debts, and also disables the husband from selling such interest, unless she joins in the conveyance. This we have several times held was the only effect of the statute, and that it did not create a technical separate estate in the wife. This being so, it follows, the rights of the husband as to rents and profits are not affected by the statute, and remain as before its passage.

We need not discuss the question of reduction of rents to possession, as the right to them is not dependent on this, but on his right in the land by virtue of the relation of husband, and the principle referred to has no application.

The decree of the Chancellor is affirmed, so far as this question is concerned. The other matters of the decree are matters in which the creditor has no interest, and are not before us.

The costs of this court will be paid by appellant.